FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 NOV 16 AM 10: 53

CLERK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ESTERLIN RUIZ and
CATALINA RUIZ

CASE NO.:

3:10-cv-1052-J-99TJC-MCR

Plaintiffs,

vs.

PRIME ACCEPTANCE CORPORATION
and DAVID A. D'AMICO, an individual.

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, **ESTERLIN RUIZ** and **CATALINA RUIZ**, by and through undersigned counsel, and file this Complaint against the Defendant, **PRIME ACCEPTANCE CORPORATION**, and allege:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiffs are natural persons who reside in Jacksonville, Duval County, Florida and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, **PRIME ACCEPTANCE CORPORATION** is a collection agency operating from an address of 200 West Jackson Boulevard, Suite 720 in Chicago, Illinois 60606-6910, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

6. Defendant **DAVID A. D'AMICO** is general counsel for Defendant **PRIME ACCEPTANCE CORPORATION**.

## FACTUAL ALLEGATIONS

7. Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a water treatment system sold to them by A & B Marketing, Incorporated. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Prime Acceptance Corporation for collection from the Plaintiffs.

8. On or about July 26, 2010, Plaintiffs received a letter from Defendant Prime Acceptance Corporation. The letter stated that Defendant Prime Acceptance Corporation represented a creditor to which Plaintiffs owed a debt in the amount of $6,262.80 and

Defendant was attempting to collect the outstanding balance on the debt. Within the body of the letter Defendant threatened to proceed to garnish Plaintiffs' wages and bring Plaintiffs into court in order to request a garnishment of any bank account or seize any other asset which Plaintiffs owned to satisfy the judgment which would be entered against them. The letter was signed by Defendant D'Amico. (Exhibit A, letter from the Defendant)

9. No legal action has been taken against the Plaintiffs to date. Upon information and belief, none of the Defendants are admitted to the Florida Bar. In addition to failing to file suit, Defendant Prime Acceptance Corporation failed to register and/or maintain a valid registration as a consumer collection agency according to Fla. Stat. § 559.553 and 559.555. (See Exhibit B).

10. After receiving the letter Plaintiffs feared that their wages and accounts be garnished and their assets frozen by the Defendants.

## *Summary*

11. All of the above-described collection actions and communications made to Plaintiffs by Defendants and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(5), amongst others, the FCCPA, including but not limited to Section 559.72(5), (6), and (9).

12. The above-detailed conduct by the Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the

FDCPA and FCCPA as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

13. The "least sophisticated consumer standard" is consistent with basic consumer protection principals. *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75 (11th Cir. 1985). "The law was not made for the protection of experts, bur for the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part Fed. Trade Comm'n v. Standard Educ. Society, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937). According to this standard, it was reasonable for Plaintiffs to believe that Defendants intended to garnish their wages and freeze their accounts.

14. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs and caused them unnecessary personal strain in their relationship.

15. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

16. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 e(5)

17. Plaintiffs incorporate by reference paragraphs seven (7) through sixteen (16) of this Complaint as though fully restated therein.

18. The foregoing acts of Defendant and their agents to collect on a debt constitute numerous and multiple violations of the FDCPA including, but not limited to, each FDCPA, 15 U.S.C. § 1692 e(5) which states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

19. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

20. Plaintiffs incorporate by reference paragraphs seven (7) through sixteen (16) of this Complaint as though fully restated therein.

21. As a result of Defendant's violations of the FCCPA by threatening Plaintiffs with actions that cannot be legally taken or that are not intended to be take, Plaintiffs are entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

22. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity.

### *Respondeat Superior Liability*

23. The acts and omissions of these individual collectors, and the other debt collectors employed as agents by Defendant Prime Acceptance, Corp. who communicated with Plaintiffs as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Prime Acceptance, Corp. in collecting consumer debts.

25. By committing these acts and omissions against Plaintiffs, these individual collectors were motivated to benefit their principal, Defendant Prime Acceptance, Corp.

26. Defendant Prime Acceptance, Corp. is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FCCPA in their attempts to collect this debt from Plaintiffs.

### COUNT THREE: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

27. Plaintiffs incorporate by reference paragraphs seven (7) through sixteen (16) of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings (The Florida Legislature has given great weight to the FDCPA. Florida

Statue § 559.552):

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

29. Congress further recognized a consumer right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

30. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

31. Defendants also intentionally and/or negligently interfered physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

32. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

33. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

34. The conduct of these Defendants and their agents, in engaging in the above described illegal collection against these Plaintiffs, resulted in multiple intrusions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of privacy, Plaintiffs is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiffs, demands judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered against Defendant:

### COUNT I
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiffs; and

- for such other relief as this Court deems just and proper.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendant and for each Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiffs;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiffs' credit reports; and

- for such other relief as this Court deems just and proper.

### COUNT THREE: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and

intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

COLLINS & STORY, P.A.

*/s/ Max Story*

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Email: max@collinsstorylaw.com
Attorney for Plaintiffs